PHALEN v. ROBERTS.

(Supreme Court, Appellate Division, First Department.   November 12, 1897.)

BILL OF PARTICULARS—ACTION FOR NEGLIGENCE.
    Where the moving papers upon a motion by a defendant for a bill of particulars in a negligence action show that defendant has diligently investigated the facts, and that his only complaint is that he has not been able to ascertain wherein they constitute negligence, the motion should be denied.

Appeal from special term.

Action by Sarah Phalen, as administratrix, against John J. Roberts.    From an order requiring plaintiff to give a bill of particulars, she appeals.    Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Wales F. Severance, for appellant.
Frank V. Johnson, for respondent.

PER CURIAM.    The action was brought to recover damages for the negligent killing of the plaintiff's intestate, who fell from a scaffold on which he was standing while working for the defendant as a plasterer.    The defendant has not answered.    It is not alleged in the moving affidavit that the plaintiff has any particular information or knowledge in regard to the matter which the defendant has not. It is stated, however, that the defendant has caused the facts connected with the alleged accident to be investigated, and after a diligent inquiry as to the erection of the scaffold, and as to the material from which it is said to have been made, and as to any other act of negligence tending to cause the accident, he has been unable to procure any information tending to support the allegations in the complaint, and he cannot, therefore, imagine what facts the plaintiff intends to prove to establish this negligence and maintain this action.    It is further stated that the defendant has fully and fairly stated the facts within his knowledge to his counsel, and has been advised that he has a good defense to the action on the merits.    There is no suggestion in the papers that the defendant has not been able to ascertain all the facts connected with the transaction, and that he does not know all about them.    His complaint is that, knowing the facts, he is unable to ascertain wherein they constitute negligence.    There is no suggestion, either, that information from the plaintiff is necessary to enable him to try his case or frame his answer.    The motion, as it appears, is a mere fishing excursion on the part of the defendant, to learn what the plaintiff's evidence is; and he had not shown any facts which would warrant the court in giving him any help in his attempt to fill his basket.

The motion and order must be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.