Charles Goldzier, for appellant.
John J. Coffin, for respondent.

BARRETT, J.   We need not consider the appellant's objections to the validity either of the written agreement or of the alleged parol modification thereof.   We have no doubt, however, that, upon the fully-executed performance of such an agreement by the defendant, the plaintiff was correspondingly bound by his promise of an extension.   But, of course, he was not bound by the parol modification, unless he assented thereto, nor unless the premises were purchased by Ellinger in reliance upon such assent.   Now, there was a direct issue of fact upon the latter head.   If the conversation to which the defendant's agent testified took place (as the plaintiff's agent said it did) at a date prior to the execution of the written agreement, it was merged in the latter, and the latter consequently governed.   But, if subsequent thereto, the written agreement was, in the single particular in question, modified.   Whether the plaintiff agreed to the alleged modification was therefore a question of fact, to be determined by the jury upon conflicting evidence.   The learned trial judge was correct in refusing to direct a verdict for the plaintiff.   He erred, however, in directing a verdict for the defendant.   He should have submitted to the jury the question as to whether there was a parol modification of the written agreement.   The plaintiff did not, by asking for a direction, lose his right to go to the jury upon this question of fact.   He claimed that right before the verdict for the defendant was actually directed, and he was not precluded by his previous motion from claiming that right.   Koehler v. Adler, 78 N. Y. 287; Shultes v. Sickles, 147 N. Y. 704, 41 N. E. 574; Clason v. Baldwin, 152 N. Y. 204, 46 N. E. 322.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.   All concur.

---

(40 App. Div. 485.)

WERNER et al. v. FRANKLIN NAT. BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   May 19, 1899.)

1. BILL OF PARTICULARS—FURNISHING EVIDENCE.
      In an action by infants to establish a trust in premises purchased by their guardian with their property, the title to which he took in his own name, and to cancel a mortgage thereon given by him, defendant mortgagee is not entitled to a bill of particulars showing the dates when the guardian took charge of certain property which he so invested, of what it consisted, the names of the persons from whom he received it, and at what time the guardian purchased the property in suit with the ward's moneys, since the only effect would be to compel the infants to disclose the evidence on which they relied to establish their claim.

2. SAME.
      Nor is the mortgagee entitled to a bill of particulars showing the dates when the guardian received the money with which he purchased the property in question, the names of the persons from whom he received it, and under what name he deposited it.

3. Same—Matters not within Plaintiff's Knowledge.
    In the absence of proof that the infants and their guardian ad litem
    knew when the former guardian received such money, where he deposited
    it, and when he invested it, it was improper, in any event, to require them
    to furnish the bill of particulars.

Appeal from special term, New York county.

Action by Gerard B. Werner and another, infants, by Sophie Werner, their guardian ad litem, against the Franklin National Bank of the City of New York. From an order requiring plaintiffs to furnish a bill of particulars, they appeal. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

Benno Loewy, for appellants.
Jonathan C. Ross, for respondent.

RUMSEY, J. In the month of May, 1890, Charles Lewis and Sophie Werner were appointed general guardians of the two plaintiffs in this action, and entered upon the duties of their trust. In the year 1895, Charles Lewis, who had in his hands about $2,500 belonging to the plaintiffs, purchased with that money a leasehold interest in premises situated in the city of New York, but, although the property was bought with the money of the plaintiffs, Lewis, instead of taking a deed to the plaintiffs, or to himself and Werner as general guardians, caused the deed of conveyance of the premises to be made directly to himself personally, without the knowledge of any of the other interested parties. He put the deed upon record, and thereafter the title to the property was apparently in himself individually. The firm of which Lewis was a member was indebted to the Franklin National Bank, and, for the purpose of securing that indebtedness, they delivered to that bank a mortgage upon several parcels of land in the city of New York, one of which was the premises in question. Lewis has died. The Franklin National Bank has begun an action to foreclose the mortgage given to it by the firm of which Lewis was a member. This action is brought to procure a judgment declaring that Lewis took the property bought with the plaintiffs' money, as trustee for them, and to require that it shall be conveyed to them, and asking, further, that the mortgage given to the Franklin National Bank be adjudged not to be a lien upon said property. The allegation of the complaint, in respect of which the bill of particulars was ordered, is that about the 5th day of September, 1895, Charles Lewis, acting as one of the general guardians of the plaintiffs, and ostensibly in the discharge of his duties as such general guardian, had invested the sum of $2,500, moneys and property of the plaintiffs, collected, received, and held by him as such general guardian as aforesaid, in a purchase at referee's sale, in foreclosure, of a certain leasehold, etc. The bill of particulars requires the plaintiffs to state, first, the dates upon which Sophie Werner and Charles Lewis took charge of certain personal property of the plaintiffs, and moneys due and owing to the plaintiffs; what said moneys consisted of; the amount of said moneys; the names of the parties from whom the said property and moneys were re-

ceived; and how and at what times the said Sophie Werner and Charles Lewis invested and reinvested such moneys, as alleged in paragraph 1 of the complaint. How these facts can be of the slightest materiality in the trial of this action we are unable to see. It is true that the complaint alleges that the general guardians took charge of the personal estate of the plaintiffs, and proceeded to invest and reinvest it, and otherwise to discharge the duties imposed upon them by their guardianship. It is also true that it is alleged that the $2,500 which Lewis used to buy the leasehold in question was moneys belonging to the plaintiffs, which he had received as general guardian. The plaintiffs, to recover in this action, will be required to prove that fact; but, although it is necessary for them to make proof that the moneys so used by Lewis belonged to them, yet there is no reason why they should be called upon, in advance of the trial, to make to the defendant a general accounting of all the doings of both Werner and Lewis as general guardians. It is not at all likely that such an accounting will be necessary to establish the source from which the moneys received by Lewis came. If it is necessary, it is a matter to be proved by the plaintiffs, and to require them to give a bill of particulars of this account would compel them to disclose to the defendant the evidence upon which they rely to establish their cause of action. In this regard the application for a bill of particulars was a mere fishing excursion, and the information is something which the defendant is not entitled to require from them. Phalen v. Roberts, 21 App. Div. 603, 47 N. Y. Supp. 780.

The bill of particulars further requires the plaintiffs to give the dates when Charles Lewis collected and received the $2,500, money and property of the plaintiffs, with which it is alleged, in paragraph 1 of the complaint, that he purchased the premises in suit; the names of the parties from whom he collected and received the said $2,500; and where, and under what name, the said sum of $2,500 was deposited or held by him. This, also, is a requirement that the plaintiffs should deliver to the defendant the evidence of the fact upon which they rely to establish their cause of action, and which fact is sufficiently alleged in the complaint, so that the defendant can have no difficulty in ascertaining precisely what it has to meet. For this reason alone, this portion of the bill of particulars was improperly granted. But there is no proof that the facts called for in this portion of the bill of particulars are within the special knowledge of those persons who are required to furnish them. The plaintiffs, of course, cannot be supposed to be in a situation to know anything about it. The information asked for is information as to acts and doings of Charles Lewis. There is no presumption that the other general guardian had any information about them, and there is no evidence in the case that the facts are within her knowledge. It is quite true the defendant's attorney says in his affidavit that the "said information is, of course, peculiarly within the knowledge of the guardian ad litem"; but there is no evidence of that fact, and no reason to believe, from anything that appears in the case, that Mrs. Werner, more than anybody else, was in possession of that information.

For these reasons, without considering the case any further, we con-

clude that it was erroneous to direct a bill of particulars to be served, and the order should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars denied, with $10 costs. All concur.